In re Brian Anthony HOWE, Debtor.

Simon KIRKE, et al., Plaintiffs,

v.

Brian Anthony HOWE, Defendant.

Brian Anthony HOWE, Counterclaimant,

v.

Mick RALPHS; Simon Kirke, Esskay, Ltd.; Wardpine, Ltd.; Francine Miller; Jeffrey C. Hoffman; Hoffman, Pollock & Pickholz, LLP; and Stephen Weiss, CounterDefendants and Third Party Defendants.

Bankruptcy No. 98–4128–9P3.
Adversary No. 98–223.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

May 15, 1998.

See also 221 B.R. 552, 221 B.R. 555.

W. Patrick Ayers, Tampa, FL, for Plaintiffs.

John D. Goldsmith, Tampa, FL, for Defendants.

Jeffrey C. Hoffman, New York City, Co–Counsel for Plaintiffs.

Stevens H. Weiss, Mill Neck, NY, Agent for Simon Kirke Esskay, Ltd., et al.

## ORDER ON DEBTOR'S EMERGENCY MOTION FOR PRELIMINARY INJUNCTION (Doc .# 11)

ALEXANDER L. PASKAY, Chief Judge.

The matter under consideration is an Emergency Motion for Preliminary Injunction field by the Debtor in the above-captioned adversary proceeding. The Debtor seeks a preliminary injunction against Mick Ralphs, Simon Kirke, Esskay, Ltd., Wardpine, Ltd., Francine Miller, Jeffrey C. Hoffman, Hoffman, Pollock & Pickholz, LLP, and Stephen Weiss, the CounterDefendants and Third–Party Defendants to prevent them from making any inaccurate or misleading statements to the media, to promoters, agents, venues where concerts are scheduled or contemplated, and to others about the Debtor's ability to use the name "Bad Company". Specifically, the Debtor seeks an Order prohibiting Counter–Defendants and Third Party Defendants from stating: (1) That Howe cannot use the name "Bad Company" in any manner in the promotion of his concerts; (2) that the Debtor cannot be promoted as "Bad Company former lead singer Brian Howe"; and (3) that the Debtor cannot be promoted as the former lead singer of Bad Company. Furthermore, before contacting any venue or promoter Counter–Defendants and Third Party Defendants should first be required to contact Plaintiff and give him a 48 hour period window to give the Debtor an opportunity to correct if there is violation of any Order of this Court.

The Motion is accompanied by the Affidavit of Reedy R. Hall, a producer of the concert which was scheduled for May 8, 1998, in Aztec Speedway located near Farmington, New Mexico. Mr. Hall's Affidavit states that Mr. Hall received a telephone call from Francine Miller who informed Mr. Hall that the Debtor has no right to use the name "Bad Company" in any way in connection with the promotion of the concert. Further, the Affidavit states that Ms. Miller threatened the producer with a lawsuit if he used "Bad Company" in any way to promote the concern. Mr. Hall further stated in his Affidavit that on May 4, 1998, Third Party Defendant, Stephen Weiss, purchased a radio advertisement in Farmington, New Mexico, which stated that none of the original members of Bad Company will be appearing in the scheduled concert.

Third Party Defendant, Jeffrey C. Hoffman, also wrote a letter to Wolfman Jack Entertainment on behalf of Messrs. Ralph and Kirk demanding that the promoter Wolfman Jack immediately cease and desist from soliciting engagements or engaging in any other activity which portray Brian Howe as "Bad Company," or indicates that Mr. Howe is soliciting engagements for "Bad Company."

There is no question and this Court is satisfied from the exhibits attached to the Motion that the Third Party Defendants engaged in the conduct charged. In this Court's view, the conduct is improper and impermissible and for this reason, the Debtor is entitled to limited relief.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Counter–Defendants and Third Party Defendants, Mick Ralphs, Simon Kirke, Esskay, Ltd., Wardpine, Ltd., Francine Miller, Jeffrey C. Hoffman, Hoffman, Pollock & Pickholz, LLP and Stephen Weiss be, and the same are hereby, prohibited from directly or indirectly contacting any media, print, broadcasting or television relating to any concerts scheduled by the Debtor. The Counter–Defendants and Third Party Defendants are prohibited from interfering in any way, directly or indirectly, by disseminating information concerning the manner in which the concert is promoted. In the event there

is any further violation by the Debtor of previous Orders of this Court, such as advertising concerts in a manner other than "Brian Howe, Former Lead Singer of Bad Company," the Third Party Defendants and Counter–Defendants may seek immediate and emergency relief from this Court. It is further

ORDERED, ADJUDGED AND DECREED that in order to enable the Third Party Defendants and Counter–Defendants to police and monitor the concerts, the Debtor or his promoters shall notify them of the time and place of the concert. The Debtor shall be directly responsible to assure that the Orders of this Court are not violated.